UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTANA GORSUCH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-1357 |
| PREMIER RECOVERY GROUP INC. a/k/a GREEN SQUARE COMPANY, LLC, | |
| | **JURY DEMAND** |
| Defendant. | |

### COMPLAINT

Now comes MONTANA GORSUCH ("Plaintiff"), complaining as to PREMIER RECOVERY GROUP INC. a/k/a GREEN SQUARE COMPANY, LLC, ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* Plaintiff further brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), to have this Court declare Defendant violated Buffalo Municipal Code § 140-9.

#### JURISDICTION AND VENUE

2. This action arises under the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing the State of Tennessee.

5. Defendant is a third-party debt collector with its principal place of business in this District.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## BACKGROUND

7. Plaintiff defaulted on a loan taken out for personal (not business) purposes.

8. Within the last year, Defendant began making calls to Plaintiff in connection with collecting the purported debt.

9. Defendant left pre-recorded voicemails on Plaintiff's cellular phone in an attempt to collect upon the debt.

10. These voicemails state as follows:

> "This is a formal notification solely intended for Montana Gorsuch. This is the offices of Green Square Services, calling regarding your claim which is currently in imminent default. This matter is being scheduled to be recalled beyond this point at which time our client will pursue and likely be awarded the appropriate relief. You may contact the office directly at 888-608-5122. As always, your complete cooperation is appreciated. 1083532."

[ 2 ]

11.     The message, as interpreted by the least sophisticated consumer (or even a reasonable consumer), indicates that Defendant will sue Plaintiff.

12.     Defendant has no intention or ability to sue Plaintiff, and it never has had any intention or ability to sue Plaintiff.

13.     The matter was not "scheduled" to be "recalled" beyond any point, and the "client" never intended to pursue or be awarded any "appropriate relief."

14.     Further, "Green Square Services" is not the true name of Defendant's company.  Defendant uses the name "Green Square Services" for the purpose of misleading consumers.

15.     Plaintiff was confused, frustrated, and aggravated by Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiff realleges the paragraphs above as though fully set forth herein.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

19.     In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.     Defendant's actions violated:

   a. § 1692d(6) because Defendant failed to meaningfully disclose its identity in its voice messages to Plaintiff;

[ 3 ]

    b. § 1692e, generally, because Defendant made false, deceptive, and misleading representations or means in connection with the collection of a debt;

    c. § 1692e(5) because Defendant threatened to take actions that it had no intention of taking;

    d. § 1692e(11) because Defendant failed to disclose that it was attempting to collect on a debt when contacting Plaintiff; and

    e. § 1692e(14) because Defendant failed to use its true business name in its communications with Plaintiff.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff realleges the above paragraphs as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using pre-recorded voices without their prior express consent.

23. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using a pre-recorded voice without Plaintiff's consent.

24. At no time did Plaintiff give prior express consent to Defendant permitting Defendant to contact Plaintiff using a pre-recorded voice.

25. Defendant's conduct in violating the TCPA was knowingly and willful.

26. Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

## COUNT III — DECLARATORY JUDGMENT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. Pursuant to 28 U.S.C. §§ 2201(a), where there is an "actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

29. Here, there is an actual controversy between Plaintiff and Defendant as to whether Defendant violated Buffalo, New York, Municipal Code § 140-9.

30. Buffalo, New York, Municipal Code § 140-9 states that "Every applicant for a collection agency license . . . shall deposit with the Commissioner of Permit and Inspection . . . a bond in the penal sum of $5,000."

31. Further, Buffalo, New York, Municipal Code § 140-9 states that collection agencies "shall pay all damages occasioned to any person by reason of any misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission."

32. Plaintiff seeks a declaratory judgment that Defendant committed a misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission as laid out in the preceding counts.

33. If Defendant is found to have committed such acts, Plaintiff will be entitled to recoup Plaintiff's damages out of the $5,000 bond Defendant is required to maintain under Buffalo, New York, Municipal Code § 140-9.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.** Awarding Plaintiff the costs of this action;

    **e.** Awarding Plaintiff $500 per violation of the TCPA, trebled for willful or knowing violations;

    **f.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law, including specifically, Buffalo, New York, Municipal Code § 140-9; and

    **g.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 4, 2019

                    By:  s/ Jonathan Hilton

                    Jonathan Hilton (0095742)
                    HILTON PARKER LLC
                    10400 Blacklick-Eastern Rd NW, Suite 110
                    Pickerington, OH 43147
                    Tel: (614) 992-2277
                    Fax: (614) 427-5557
                    jhilton@hiltonparker.com
                    *Attorney for Plaintiff*