UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTANA GORSUCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     Case No. 1:19-cv-1357 |
| | ) |
| PREMIER RECOVERY GROUP INC., | ) |
| a/k/a GREEN SQUARE COMPANY, LLC, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**
**(Doc. 13)**

On October 4, 2019, Plaintiff Montana Gorsuch filed this action against Premier

Recovery Group Inc., a/k/a Green Square Company, LLC, alleging violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (Doc. 1.) He also seeks a declaration under

the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Defendant violated Buffalo Municipal

Code § 140-9. (*Id.*) Defendant filed an answer on February 10, 2020; the answer asserts six

defenses, including "bona fide error" under 15 U.S.C. § 1692k(c). (Doc. 6.) Currently pending

is Plaintiff's motion for summary judgment under Fed. R. Civ. P. 56 as to liability, filed on

July 28, 2021. (Doc. 13.) Defendant has filed no opposition or any other material in response.

**Background**

Since Defendant has not filed any opposition to Plaintiff's summary judgment motion,

the court is authorized to deem admitted the well-supported facts set forth in Plaintiff's statement

of undisputed facts. Fed. R. Civ. P. 56(e)(2); *Jackson v. Fed. Express*, 766 F.3d 189, 194

(2d Cir. 2014); *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). The court concludes that the following facts are undisputed and well-supported in the record.

Plaintiff took out a personal loan to pay for living expenses while he was in college. (Doc. 13-1 ¶ 4.)  He used the loan to pay for things like rent, groceries, utilities, and personal items.  (*Id.* ¶ 5.)  The loan was not for business use and Plaintiff has never taken out loans for business use.  (*Id.* ¶ 6.)  Prior to being contacted by Defendant, Plaintiff believed that he settled the loan with another debt-collection company.  (*Id.* ¶ 8.)

Defendant left at least three voicemail messages on Plaintiff's personal cell phone.  (*Id.* ¶¶ 2–3.)  The messages (as transcribed by a voice-to-text program) stated:

> This is a formal notification solely intended for Montana dorset.  This is the offices of Green Square Services calling regarding your claim which is currently an imminent default.  This matter is being scheduled to be recalled beyond this point at which time our client will pursue and likely be awarded the appropriate relief.  You may contact the office directly at 888-608-5122.  As always your complete cooperation is appreciated. 108-3532.

(Doc. 13-2 at 2.)  Plaintiff states that, to the best of his recollection, the calls related to the personal loan.  (Doc. 13-1 ¶ 4.)  In addition to the voicemails, Plaintiff recalls that a gentleman from Defendant called him and was "really pressing for me to pay."  (*Id.* ¶ 7.)

After that call Plaintiff "absolutely believed that Defendant was going to sue me."  (*Id.* ¶ 9.)  Plaintiff attempted to learn more about Defendant but had difficulty because the name he was given was "Green Square Services."  (*Id.* ¶¶ 10–11.)  Plaintiff felt stressed and anxious at the prospect that Defendant would sue him and that contributed to his decision to try an anti-anxiety medication.  (*Id.* ¶¶ 12–13.)  No employee or owner of Defendant is a licensed attorney. (Doc. 11-2 at 8, ¶ 2.)  The voicemails used a pre-recorded voice.  (*Id.* at 9, ¶ 4.)  Plaintiff never gave Defendant prior express consent to contact him using a pre-recorded voice.  (*Id.* at 9, ¶ 6.)

## Analysis

### I.     Rule 56 Standard

"The summary judgment standards are well established." *Lewis v. Siwicki*, 944 F.3d 427,

431 (2d Cir. 2019).  Summary judgment may be granted only "if the movant shows that there is

no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).  When reviewing a motion for summary judgment, a court must

construe all facts in the light most favorable to the non-moving party and draw all reasonable

inferences in its favor. *See Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir.

2019).  The role of the trial judge at the summary judgment stage is not to resolve issues of

material fact, but rather to determine whether such issues exist to be decided at trial. *See id.*

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  Although Defendant has not

opposed the pending summary judgment motion, the court "is not relieved of its duty to decide

whether the movant is entitled to judgment as a matter of law." *Xerox Corp. v. Print & Mail by*

*Morrell, Inc.*, 13 F. Supp. 3d 265, 267 (W.D.N.Y. 2014) (quoting *Vt. Teddy Bear*, 373 F.3d

at 242).

### II.     FDCPA Claim

Count I of Plaintiff's Complaint is an FDCPA claim.  "The statutory purposes of the

FDCPA are to 'eliminate abusive debt collection practices by debt collectors, to insure that those

debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt

collection abuses.'" *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164–65 (2d Cir. 2020)

(quoting 15 U.S.C. § 1692(e)).  The FDCPA was enacted to counter "collection abuses" such as

"the use of obscene or profane language, threats of violence, telephone calls at unreasonable

hours, and misrepresentation of a consumer's legal rights." *Id.* at 165 (cleaned up).  To establish a defendant's liability under the FDCPA, a plaintiff must show:

> (1) the plaintiff is a 'consumer' as defined by the FDCPA; (2) the 'debt' must arise out of transactions that are primarily for personal, family or household purposes; (3) the defendant is a 'debt collector' as defined by the FDCPA; and (4) the defendant must have violated one of the specific statutory prohibitions regarding debt collection communication and/or activity.

*Randle v. AC Asset Servs. LLC*, No. 19-CV-01074-LJV, 2020 WL 5757187, at *2 (W.D.N.Y. Sept. 28, 2020) (cleaned up).

### A.    Plaintiff is a "Consumer"

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  Plaintiff is a natural person allegedly obligated to pay the loan.

### B.    "Debt" Arose from Transactions for Personal Purposes

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5). Plaintiff's loan was not for business use; he used it to pay for personal purposes such as rent, groceries, and utilities while he was in college.  (Doc. 13-1 ¶¶ 4–6.)

### C.    Defendant is a "Debt Collector"

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Defendant has admitted that "at times" it is a "debt collector" as defined by the FDCPA.  (Doc. 6 ¶ 5.)  Plaintiff has produced

evidence that the City of Buffalo has licensed "Premier Recovery Group" as a collection agency. (Doc. 13-3 at 3.)

The evidence in the record does not definitively indicate whether Defendant purchased the debt at issue or was instead attempting to collect a debt owed to a third party. The references to a "client" in the three voicemails suggest the latter. And even if Defendant had purchased the debt itself, a debt-buyer can also be a "debt collector." *Mullery v. JTM Capital Mgmt., LLC*, No. 18-CV-549V(Sr), 2018 WL 8332821, at *4 (W.D.N.Y. Nov. 30, 2018), *report and recommendation adopted* 2019 WL 2135484 (W.D.N.Y. May 16, 2019). The court concludes that Plaintiff has met his burden to show that Defendant is a "debt collector" under the FDCPA.[1]

### D.   Statutory Prohibitions

Plaintiff asserts that Defendant violated two FDCPA provisions: 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e. Courts evaluating claims under § 1692d apply a standard that takes "the perspective of a consumer whose circumstances make[] him relatively more susceptible to harassment, oppression, or abuse." *Kavalin v. Glob. Credit & Collection Corp.*, No. 10-CV-314-JTC, 2011 WL 1260210, at *3 (W.D.N.Y. Mar. 31, 2011) (alteration in original) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)). Courts evaluating claims under § 1692e use "an objective standard based on the 'least sophisticated consumer.'" *Braun v. Relin, Goldstein & Crane, LLP*, No. 21-CV-6071 (CJS), 2021 WL 5054288, at *4 (W.D.N.Y. Nov. 1, 2021) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

---

[1] This court has previously granted relief against Premier Recovery Group, Inc. on the basis that that entity is a debt collector. *See Hance v. Premier Recovery Grp., Inc.*, No. 12-CV-028S, 2013 WL 85068 (W.D.N.Y. Jan. 7, 2013) (granting default judgment against defendant; facts alleged in the complaint sufficiently stated FDCPA claims).

## 1.    Section 1692d(6)

Section 1692d generally prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "[T]he question of whether debt collection conduct harasses, oppresses, or abuses will ordinarily be left for the jury." *Kavalin*, 2011 WL 1260210, at *4. Courts have nevertheless granted summary judgment to plaintiffs on § 1692d claims where harassment, oppression, or abuse "would be the natural consequence" of the defendant's conduct. *E.g.*, *Nazarovech v. Am. Elite Recovery, LLC*, No. 1:20-cv-250, 2021 WL 3131534, at *5 (W.D.N.Y. July 23, 2021).

Section 1692d provides a non-exclusive list of conduct that violates that general prohibition. One of the enumerated types of conduct is: "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(6).[2] "The relatively few courts construing [s]ection 1692d(6) in similar contexts have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Flores v. RMA Recovery Grp. LLP*, No. 17-CV-402-LJV, 2021 WL 1572508, at *3 (W.D.N.Y. Apr. 22, 2021) (alteration in original) (quoting *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 949 (D. Minn. 2008)).

Plaintiff argues that Defendant improperly identified itself in the voicemails as "Green Square Services," which—according to Plaintiff—"is not the true name of Defendant." (Doc. 13 at 10.) The Federal Trade Commission has supplied guidance on the use of false names or aliases as relevant to § 1692d(6). "A debt collector who uses a false business name in a phone

---

[2] Section 1692d(6) contains an exception referencing the provisions of § 1692b. That exception is not at issue here.

call to conceal his identity violates section 807(14) [15 U.S.C. § 1692e(14)], as well as this section [15 U.S.C. § 1692d(6)]." *Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097-02, 50105 (Dec. 13, 1988). Section 1692e(14), in turn, prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). Analogizing to § 1692e(14), the court notes that "there is nothing misleading about a debt collector . . . using the name by which it is known to the public where . . . that name is a registered trade name with the New York Department of State." *Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 151 (E.D.N.Y. 2003).

Here, inspection of the New York Department of State (DOS), Division of Corporations website indicates that "Green Square" shares the same DOS ID as "Premier Recovery Group Inc." *See* N.Y. Dep't of State, Div. of Corporations, https://apps.dos.ny.gov/publicInquiry/ (last visited Dec. 7, 2021) (search for "Green Square" assumed name, then search for DOS ID number 3640113 indicated for "Green Square").[3] Further inspection of the DOS records indicates that "Green Square" is an assumed name for "Premier Recovery Group Inc." *See id.* (search for DOS ID number 3640113, then view "assumed name history").[4]

But this does not establish that "Green Square" is the same as "Green Square Services" mentioned in the voicemails. Moreover, other courts have found that Green Square Company

---

[3] Although Plaintiff has not presented these facts in his Rule 56 statement, the court may take judicial notice of the official DOS records. *See* 11 *Moore's Federal Practice – Civil* § 56.95 (3d ed.) ("Matters subject to judicial notice are properly considered on a summary judgment motion.").

[4] The assumed name filing is dated November 19, 2018. This appears to be before the voicemails at issue. (*See* Doc. 1 ¶ 8 (alleging that Defendant began making calls to Plaintiff within the year prior to the October 4, 2019 complaint).)

LLC's use of the name "Green Square Services" established a violation of § 1692e(14). *Blair v. Green Square Co. LLC*, No. 1:20-cv-0888-JMS-MPB, 2020 WL 6827247, at *2–3 (S.D. Ind. Nov. 20, 2020). A consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse would be abused by Defendant's failure to identify itself using its true name or registered trade name. Plaintiff has therefore established that Defendant's voicemail messages failed to meaningfully disclose the caller's identity in violation of § 1692e(14).

### 2.     Section 1692e

Section 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e includes sixteen examples of conduct that violates this provision. Plaintiff seeks summary judgment in his favor for violations of the conduct specified in three of the enumerated examples. (Doc. 13 at 10–11.) Applying the "least sophisticated consumer" standard, the court considers each alleged violation below.

### a.     Section 1692e(5)

Section 1692e(5) states that it is a violation for a debt collector to issue a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). "[T]hreats of legal action where the debt collector has not been authorized to pursue legal action violate the statute." *Sweeney v. D.C. Credit Servs., Inc.*, No. 05-CV-702A, 2007 WL 981919, at *3 (W.D.N.Y. Mar. 30, 2007); *see also Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). However, where the language merely suggests that the "*creditor* will have to consider legal action," then "[n]o action of any kind is threatened" by the collection agency, and

the language does not violate § 1692e(5). *Knowles v. Credit Bureau of Rochester, Div. of Rochester Credit Ctr., Inc.*, No. 91-CV-14S, 1992 WL 131107, at *2 (W.D.N.Y. May 28, 1992).

Here, the voicemails went beyond stating that the creditor or client would "consider" legal action; they specifically stated that "[t]his matter is being scheduled to be recalled beyond this point at which time our client *will pursue* and likely be awarded the appropriate relief." (Doc. 13-2 at 2 (emphasis added).) The least sophisticated consumer would construe an "award" of "appropriate relief" to mean a judgment resulting from legal proceedings, and would construe the statement that the matter was "scheduled" for the client to pursue such relief as an indication that the "client" intended to take legal action. Even assuming that Defendant was acting on behalf of a client, there is no evidence that the client intended to take legal action. *See Blair*, 2020 WL 6827247, at *2–3 (substantially same language in voicemail from Green Square Co. LLC violated § 1692e(5)).

### b.   Section 1692e(11)

Section 1692e(11) states that a debt collector violates § 1692e by the following conduct:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). "These requirements are often referred to as the 'Mini-*Miranda*' warnings." *Ostrander v. Dentistry By Dr. Kaplansky, PLLC*, No. 07-CV-852-JTC, 2010 WL 1407300, at *4 (W.D.N.Y. Mar. 30, 2010). Here, the voicemails stated that they were "formal notification[s]" but lacked any disclosure that the communications were from a debt collector attempting to collect a debt. The court concludes that Plaintiff has established a violation of

§ 1692e(11).  *See Blair*, 2020 WL 6827247, at *2–3 (substantially same language in voicemail from Green Square Co. LLC violated § 1692e(11)).

### c.    Section 1692e(14)

Finally, § 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."  15 U.S.C. § 1692e(14).  For the reasons stated above, the court concludes that the identification of the debt collector as "Green Square Services" is sufficient to grant summary judgment to Plaintiff on the § 1692e(14) claim.

### E.    Defenses

Since Defendant has filed no opposition to the summary judgment motion, the court cannot assume that Defendant has abandoned any defense and must determine the legal merits of all defenses.  *Jackson*, 766 F.3d at 196; *see also Gustavia Home, LLC v. Owusu*, No. 16-CV-5709 (RA), 2018 WL 2122818, at *3 (S.D.N.Y. May 8, 2018) (scrutinizing affirmative defenses while evaluating plaintiff's unopposed summary judgment motion).  Defendant's Answer lists the following affirmative defenses: (1) failure to state a claim; (2) affirmative actions or omissions of Plaintiff or others; (3) any FDCPA violation was unintentional and a bona fide error under 15 U.S.C. § 1692k(c); (4) no injury in fact; and (5) lack of standing.  (Doc. 6 at 7.)[5]  The court considers each defense in turn.

### 1.    Failure to State a Claim

As discussed above, Plaintiff has presented evidence for his FDCPA claims and has properly stated a cause of action.

---

[5] A sixth defense merely reserves the right to assert additional affirmative defenses.  (*Id.* at 8.)

### 2.     Actions or Omissions of Plaintiff or Others

Defendant has presented no evidence of any actions or omissions of Plaintiff or others that caused the FDCPA violations.

### 3.     Bona Fide Error Under 15 U.S.C. § 1692k(c)

Section 1692k(c) of Title 15 provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

A debt collector asserting a bona fide error defense "must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Wagner*, 973 F.3d at 168 (quoting *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352–53 (11th Cir. 2009)).  Here, Defendant has presented no evidence to prove any of these elements. The court's review of the record reveals no facts that would support this defense.

### 4.     Injury in Fact

"Injury in fact" is one of three requirements for standing under Article III.  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

In his complaint, Plaintiff asserts statutory violations.  He also asserts that he was "confused, frustrated, and aggravated by Defendant's actions." (Doc. 1 ¶ 15.)  In his declaration, he describes spending time trying to figure out who Defendant is.  (Doc. 13-1 ¶ 11.)  He also

endorses "significant" stress related to concern that Defendant would sue him and that the stress contributed to a decision to start an anti-anxiety medication. (*Id.* ¶¶ 12–13.)

Considering the Supreme Court's decision in *Spokeo* and the Second Circuit's decision in *Cohen*, this court has concluded that an alleged violation of 15 U.S.C. § 1692e satisfies Article III's injury-in-fact requirement. *Leonard v. Cap. Mgmt. Servs., LP*, 364 F. Supp. 3d 198, 202 (W.D.N.Y. 2019). The court accordingly finds no basis for this defense.

### 5.    Standing

The "injury in fact" requirement for constitutional standing—the "[f]irst and foremost" of standing's three elements—is discussed above. *Spokeo*, 578 U.S. at 338 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). The other two requirements are traceability and redressability. *Id.* at 338. Defendant has presented no facts suggesting the absence of those prongs. The "injury in fact" discussed above is fairly traceable to Defendant's conduct since Defendant made the phone calls. The injury is likely to be redressed by a favorable judicial decision because the court is authorized to award actual damages plus additional damages not exceeding $1,000 and costs and fees. *See* 15 U.S.C. § 1692k(a).

The court also concludes that "prudential" standing is not a bar to granting summary judgment to Plaintiff in this case.

> Federal courts historically have labeled at least three different concepts as matters of "prudential standing," including (1) the rule against the adjudication of generalized grievances, (2) the rule barring claims that fall outside "the zone of interests" protected by a statute, and (3) the rule prohibiting plaintiffs from asserting the rights of third parties . . . .

*Adson5th, Inc. v. Bluefin Media, Inc.*, No. 16-CV-143 (LJV), 2017 WL 2984552, at *5

(W.D.N.Y. July 13, 2017).[6]  Defendant has presented no facts suggesting the application of any

of those concepts in this case and the court has found no such facts in the record.

## III.   TCPA Claim

Count II of Plaintiff's Complaint is a TCPA claim.  The statute creates a private right of

action for TCPA violations.  47 U.S.C. § 227(b)(3).[7]  Plaintiff's Complaint alleges a violation of

47 U.S.C. § 227(b)(1)(A).  (Doc. 1 ¶ 22.)[8]  That TCPA provision makes it unlawful for any

person within the United States to:

> make any call (other than a call made for emergency purposes or made with the
> prior express consent of the called party) using any automatic telephone dialing
> system or an artificial or prerecorded voice . . . to any telephone number assigned
> to a . . . cellular telephone service, . . . unless such call is made solely to collect a
> debt owed to or guaranteed by the United States

47 U.S.C. § 227(b)(1)(A).  The debt-collection exception was recently held unconstitutional and

severed from the remainder of the statute.  *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct.

2335 (2020).  In any case, this exception would not apply because there is no evidence that the

debt in this case was owed to or guaranteed by the United States.

---

[6] The Supreme Court has explained that "the 'prudential standing' label has been
'misleading' when it comes to some of those concepts." *Id.* (citing *Lexmark Int'l, Inc. v. Static
Control Components, Inc.*, 572 U.S. 118 (2014)).

[7] Although the statute states that the action may be brought "in an appropriate court of
that State," the action may also be brought in federal court.  *Mims v. Arrow Fin. Servs., LLC*,
565 U.S. 368, 380 (2012).

[8] Plaintiff's memorandum cites 47 U.S.C. § 227(b)(1)(B) and asserts that his phone is a
"residential" line.  (Doc. 13 at 13.)  However, since the voicemails were left on Plaintiff's
cellular phone and since § 227(b)(1)(B) applies only to "residential telephone line[s]," the court
focuses on § 227(b)(1)(A).

"[T]o prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS [automatic telephone dialing system] or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). Here, Plaintiff's evidence establishes that Defendant called his cellular phone and did so using a prerecorded voice. This is sufficient to establish liability against Defendant for a TCPA violation.

To the extent that Defendant relies on *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021),[9] the court concludes that decision is not a barrier to liability. The *Duguid* decision expressly states that it does not affect § 226(b)(1)(A)'s prohibition on using a prerecorded voice. *Duguid*, 141 S. Ct. at 1173. For the reasons stated above in the discussion of the FDCPA claim, Defendant's affirmative defenses are not a bar to the TCPA claim.

## IV.   Declaratory Judgment Claim

Count III of the Complaint seeks a declaratory judgment under 28 U.S.C. § 2201(a) that Defendant's conduct violates Buffalo Municipal Code § 140-9. (Doc. 1 ¶¶ 27–33.) Plaintiff's summary judgment motion does not mention Count III and the court does not address that count here.

---

[9] Although Defendant has not filed any opposition to the summary judgment motion, Plaintiff's memorandum states that the defense relies on *Duguid*. (Doc. 13 at 13.)

14

## Conclusion

Plaintiff's Motion for Summary Judgment as to liability (Doc. 13) is GRANTED.  The court will schedule a hearing on the amount of damages for the violations specified in Counts I and II.

Dated this 14th day of December, 2021.

Geoffrey W. Crawford, Judge
United States District Court

15