UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTANA GORSUCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PREMIER RECOVERY GROUP INC., )<br>a/k/a GREEN SQUARE COMPANY, LLC, )<br>)<br>Defendant. ) | Case No. 1:19-cv-1357 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RULING ON MOTION TO WITHDRAW**
**(Docs. 1, 15)**

On October 4, 2019, Plaintiff Montana Gorsuch filed this action against Premier Recovery Group Inc., a/k/a Green Square Company, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (Count II).[1] (*See* Doc. 1.) On December 14, 2021, the court granted Plaintiff's Motion for Summary Judgment as to liability and indicated that it would schedule a hearing on the amount of damages for the violations specified in Counts I and II. (Doc. 14 at 15.) The court held the damages hearing on April 26, 2022. Mr. Gorsuch appeared and testified; he was represented by attorney Jonathan Hilton. No representative for the defendant appeared at the hearing.

**I.    Motion to Withdraw (Doc. 15)**

On April 25, 2022—the day before the damages hearing—defense counsel filed a consented-to motion to withdraw. (Doc. 15.) The court will grant that motion as unopposed.

---

[1] Count III of the Complaint sought relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), but Plaintiff withdrew that count at the April 26, 2022 hearing.

## II. Findings of Fact—Damages

The facts relevant to Defendant's liability on the FDCPA and TCPA claims are set forth in the December 14, 2021 Order. (Doc. 14 at 1–2.) The court finds the following additional facts relevant to damages on the basis of Mr. Gorsuch's testimony at the April 26, 2022 hearing.

Mr. Gorsuch affirmed his allegation that he received the three pre-recorded voicemails related to the personal loan.

He further testified to stress and anxiety that he experienced as a result of the voicemails and other contact from Defendant regarding the loan. He feared that "Green Square" would sue him. His relationship with his family suffered, particularly because Green Square contacted his parents directly and because of the prospect that he might require his parents' financial assistance. He developed anxiety and depression, experienced panic attacks, and was prescribed an anti-anxiety medication. He worked additional hours to earn more money; this was at the expense of his studies. His grade point average went from approximately 3.0 to 2.3. That impacted his prospects for graduate school.

## III. Conclusions of Law—Damages

### A. FDCPA Claim (Count I)

The FDCPA authorizes a recovery of damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . .

15 U.S.C. § 1692k(a)(1), (2). The FDCPA further requires that "[i]n determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant

2

factors—(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." *Id.* § 1692k(b)(1). Mr. Gorsuch seeks "actual damages" of $10,000 under § 1692k(a)(1) and statutory damages of $1,000 under § 1692k(a)(2)(A). (Doc. 16 at 2–5.)

### 1. Statutory Damages

"The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Slusher v. Asset Consulting Experts, LLC*, No. 1:19-CV-01265 EAW, 2021 WL 868627, at *4 (W.D.N.Y. Mar. 9, 2021) (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998)). "Awards of the $1,000 statutory maximum are rare and are typically granted [only] in cases where a defendant's violations are particularly egregious or intimidating." *Id.* (alteration in original) (quoting *Randle v. AC Asset Servs. LLC*, No. 19-CV-01074-LJV, 2020 WL 5757187, at *4 (W.D.N.Y. Sept. 28, 2020)).

Here, Defendant left a voicemail message on Plaintiff's cell phone each day on July 15, 16, and 17, 2021. (*See* Doc. 13-2.) Plaintiff also received a call from an individual who was "really pressing" him to pay. (Doc. 13-1 ¶ 7.) This was frequent and intentional contact but the evidence indicates that it persisted only over the course of a few days. *Cf. Slusher*, 2021 WL 868627, at *5 (debt collector contacted plaintiff 15 times over the span of a couple months; court awarded $500 in statutory damages); *Hance v. Premier Recovery Grp., Inc.*, No. 12-CV-028S, 2013 WL 85068, at *2 (W.D.N.Y. Jan. 7, 2013) (debt collector called plaintiff's home and workplace totaling more than 20 times per month; court awarded $500 in statutory damages).

3

Plaintiff correctly notes that the messages violated numerous FDCPA provisions, including failure to properly identify the debt collector, improperly threatening to take legal action, failing to give the "Mini-*Miranda*" warning, and using a name other than the defendant's true name. (*See* Doc. 14 at 6–10 (finding violations of 15 U.S.C. §§ 1692d(6), 1692e(5), 1692e(11), and 1692e(14)).) But the maximum statutory damages are not awarded just because the debt collector violated multiple FDCPA provisions. *See Hance*, 2013 WL 85068, at *1 (plaintiff claimed a wide range of FDCPA violations). The court in *Harding v. Check Processing, LLC* awarded the full $1,000 in statutory damages in light of "several purposeful violations," but the debt collector's conduct in that case was more egregious, including disclosure of the nature and amount of the debt to the plaintiff's mother, falsely representing that a lawsuit had been filed against the plaintiff, and that a "felony warrant" had been issued for her arrest. No. 5:10CV2359, 2011 WL 1097642, at *3 (N.D. Ohio Mar. 22, 2011). The court concludes that $750 in statutory damages is warranted in this case.

### 2. Actual Noneconomic Damages

"Actual damages are intended to compensate a plaintiff for 'out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA.'" *Slusher*, 2021 WL 868627, at *5 (quoting *Randle*, 2020 WL 5757187, at *4). Here, similar to *Slusher*, the court concludes that Plaintiff has established his entitlement to noneconomic emotional damages, but not to the extent requested. *Id.*

The court credits Mr. Gorsuch's testimony regarding the stress and anxiety he experienced, including his use of a prescribed anxiety medication. Of particular relevance, the court notes Mr. Gorsuch's credible testimony regarding the impact on his relationship with his

4

parents and regarding the impact on his academic studies. Under these circumstances, the court concludes that an award of $5,000 in actual damages is appropriate. This amount accounts for the significant noneconomic damages that Mr. Gorsuch suffered.

Plaintiff cites decisions from courts in other cases that awarded $10,000 or more in actual damages for FDCPA violations. But the circumstances in those cases were different. *Cf. Cunningham v. Account Processing Grp. LLC*, No. 2:21-cv-0120, 2022 WL 900618, at *5–6 (S.D. Ohio Mar. 28, 2022) (awarding $5,000 in actual damages for invasion of privacy and $5,000 for other emotional distress where debt collector communicated plaintiff's financial situation with others and threatened lawsuits and to expose plaintiff's personal information, and where plaintiff declared that stress increased migraines and her previously-diagnosed severe depression was exacerbated); *Fultz v. Zirpola*, No. 5:21-cv-43, 2021 WL 4975100, at *3 (N.D. Ohio Oct. 26, 2021) (awarding $15,000 in noneconomic damages where debt collector left five voicemails over three months, including on plaintiff's work phone, contacted family members and others, and threatened wage garnishment and interest of 600%).[2]

**B.    TCPA Claim (Count II)**

The private right of action under the TCPA authorizes recovery "for actual monetary loss from such a violation" or "$500 in damages for each such violation, whichever is greater."

---

[2] *See also Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 2472630, at *2 (W.D. Wash. June 17, 2021) (awarding to each of two plaintiffs $30,000 in actual damages for emotional distress where debt collector repeatedly reported an inflated balance on both plaintiffs' credit, falsely advised that a judgment had been entered, that garnishments had been sent to plaintiffs' employers, and that the plaintiffs were evicted; debt collector failed to supply requested documentation and sent a collection letter with unsupported charges—all while plaintiffs were particularly vulnerable as new parents); *Grimm v. GPG Processing, LLC*, No. 2:18-cv-1522, 2019 WL 4508921, at *3–4 (S.D. Ohio Sept. 19, 2019) (awarding $15,000 in emotional distress damages where debt collector threatened the plaintiff with criminal charges for over two years and informed the plaintiff's mother-in-law of the debt), *report and recommendation adopted*, 2019 WL 4958073 (S.D. Ohio Oct. 8, 2019).

47 U.S.C. § 227(b)(3)(B). The statute further states that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id.* § 227(b)(3). Plaintiff seeks $500 for each of the three pre-recorded calls ($1,500), and a tripling of that sum on the basis of willful and knowing violations. (Doc. 16 at 5.)

To determine the appropriate level of damages under these provisions, the court has discretion "to evaluate the facts of a particular case and, perhaps, the harm caused to the plaintiff by the defendant's violations." *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) (quoting *Parchman v. SLM Corp.*, 896 F.3d 728, 740 (6th Cir. 2018)). Here, Plaintiff has presented evidence of three separate calls to his cellular phone using an artificial or prerecorded voice in violation of the TCPA. The court concludes that he has proven his entitlement to $500 in damages for each of those three calls, totaling $1,500. The remaining question is whether Plaintiff has shown that those violations were willful or knowing such that the $1,500 sum should be tripled.

"Before awarding treble damages for any willful or knowing violations of the TCPA, a court should have evidence that a defendant was aware or should have been aware that it called an individual after he or she asked that the calls stop or that the defendant knew it was violating the TCPA but kept calling anyway." *Warman v. Law Office of Daniel M. Slane*, No. 14-CV-700(LJV), 2017 WL 971196, at *6 (W.D.N.Y. Mar. 13, 2017). Here, as Plaintiff observes, Defendant did not participate in discovery so on this point the record is not as complete as it might otherwise be. On the other hand, Defendant has been engaged in the business of debt collections for a considerable period of time. It previously obtained a license as a collection

6

agency from the City of Buffalo. (Doc. 13-3.) This court held Defendant liable for FDCPA violations in 2013. *Hance*, 2013 WL 85068. And Defendant has retained counsel for approximately 10 years. (Doc. 15-1 ¶ 3.) On the basis of this sophistication and experience, the court finds that Defendant knew it was violating the TCPA but kept calling Mr. Gorsuch anyway. The court will exercise its discretion and award triple damages on the TCPA claim for a total of $4,500.

## IV.     Fees and Costs

The FDCPA authorizes an award of costs and "a reasonable attorney's fee" where a plaintiff is successful in an action to enforce liability. 15 U.S.C. § 1692k(a)(3).[3] "A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the 'presumptively reasonable fee.'" *Warman*, 2017 WL 971196, at *3 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110 (2d Cir. 2007)). "The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use." *Id.* "Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here." *Id.*

---

[3] In contrast, "[t]he TCPA makes no provision for attorney's fees or costs." *Haley v. Hughes Network Sys., LLC*, No. 12-CV-1079JTC, 2013 WL 5937007, at *3 (W.D.N.Y. Nov. 1, 2013). Plaintiff has not addressed whether there is a basis for compensating the time spent prosecuting the TCPA claim, and Plaintiff's counsel's time records do not break out what time was spent on which claim. (*See* Doc. 16-1.) The court nevertheless concludes that both the FDCPA and TCPA claims are intertwined, involve a common core of facts, and are based on related legal theories, and thus that in this case it is appropriate to award fees for the entire litigation. *See McMahon-Pitts v. Sokoloff*, No. 15-CV-4975, 2017 WL 1011473, at *8 (E.D.N.Y. Mar. 15, 2017) (FDCPA and TCPA claims were inextricably intertwined because both claims grew out of repeated calls to cellular phone to collect on a debt); *cf. Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 n.6 (2d Cir. 2000) (similar standard for attorneys' fees under 42 U.S.C. § 1988).

Plaintiff's counsel has submitted time records indicating that two attorneys, a law clerk, and a paralegal expended a total of 13.1 hours on the case and charged a total of $3,280.85 in fees. (Doc. 16-1.) The hourly rates are as follows:

| Name | Position | Hourly Rate |
|---|---|---|
| Jonathan Hilton | Partner | $300 (2020–2021); $330 (2022) |
| Matthew Stewart | First-year attorney | $200 |
| Elizabeth Butler-O'Grady | Law clerk | $110 |
| Stella Moreno | Paralegal | $75 |

This court has previously approved Mr. Hilton's $300 hourly rate in other FDCPA cases. *Lennon v. Allegiance Acct. Servs., LLC*, No. 19-CV-1541V(F), 2022 WL 969527, at *2 (W.D.N.Y. Mar. 31, 2022); *McPhaul v. Insight Mgmt. Partners*, No. 1:19-cv-1392, 2022 WL 542534, at *3 (W.D.N.Y. Feb. 23, 2022). That rate is consistent with the rate for FDCPA attorneys in this district with similar levels of experience, and the *Arbor Hill* factors support the reasonableness of the rate. *McPhaul*, 2022 WL 542534, at *3–4. The court finds the rates for Mr. Hilton's colleagues to likewise be reasonable. *See id.* at *4.

Attorney Hilton seeks an hourly rate of $330 for his work performed after January 1, 2022 (totaling 2.5 hours). (Doc. 16 at 7; Doc. 16-1 at 2.) He explains that his firm raised its rates by 10% at the start of 2022 in large part "to deal with higher than normal levels of inflation." (Doc. 16 at 7.) Courts have recognized the "obvious proposition that billing rates continue to increase over time." *V.W. v. N.Y.C. Dep't of Educ.*, No. 20-cv-2376 (RA), 2022 WL 37052, at *4 (S.D.N.Y. Jan. 4, 2022) (quoting *A.B. v. N.Y.C. Dep't of Educ.*, No. 1:20-cv-3129 (SDA), 2021 WL 951928, at *3 & n.6 (S.D.N.Y. Mar. 13, 2021)), *appeal docketed* No. 22-315 (2d Cir. Feb. 15, 2022). And at the present time, inflation levels are relatively high. *See* United States Bureau of Labor Statistics, *Consumer Price Index Summary* (May 12, 2022),

8

https://www.bls.gov/news.release/cpi.nr0.htm ("Over the last 12 months, the all items index increased 8.3 percent before seasonal adjustment.").

But the court is not required to adopt the rates advertised by a law firm. *See, e.g.*, *Brown v. Barnes & Noble, Inc.*, No. 16-CV-07333 (MKV)(KHP), 2020 WL 2489061, at *4 (S.D.N.Y. May 14, 2020). And counsel has not presented evidence regarding whether the prevailing rates in this district for attorneys of similar experience in FDCPA cases have coalesced at a new rate in light of the inflationary environment. And given that the bulk of the litigation in this case occurred before 2022, the court applies the $300 hourly rate for Mr. Hilton's work throughout.

The court finds that the 13.1 hours of work is entirely reasonable. Counsel efficiently handled drafting of the complaint and a motion for default, client contact, settlement discussions, preparation of a motions to compel and for summary judgment, and a trial brief. The court accordingly grants a reasonable fee of $3,205.85, which represents the requested amount minus $75 because the court is adhering to the $300 hourly rate instead of the requested $330 rate for the 2.5 hours billed in 2022.

The court approves the requested $460 in expenses. That sum is comprised of costs for a process server and the filing fee. (Doc. 16-1 at 2.)

## Conclusion

The Motion to Withdraw (Doc. 15) is GRANTED as unopposed.

Count III of the Complaint is DISMISSED on Plaintiff's motion.

On Count I, Plaintiff is entitled to statutory damages of $750 and actual noneconomic damages of $5,000. On Count II, Plaintiff is entitled to $4,500 in damages. The total damages award for all claims is therefore $10,250.

The court awards $3,205.85 in attorney's fees and $460 in costs.

The Clerk is requested to enter judgment accordingly.

Dated this 26th day of May, 2022.

                                                            Geoffrey W. Crawford, Judge
                                                            United States District Court